## CHARLES L. MARTIN *vs.* BERNARD MAGUIRE.

The admission of testimony in reply, of the same character as evidence introduced in the examination in chief, is within the discretion of the presiding judge, and not matter of exception.

Upon the trial of an action upon a promissory note, the plaintiff does not, by reading to the jury a mortgage delivered with the note, and now produced by the defendant at the plaintiff's request, authorize the defendant, without proof of the execution of the mortgage, to submit to the jury the body of the mortgage, and the signatures thereto of the defendant and of a subscribing witness, for the purpose of showing by a comparison of hands that the signature of the defendant to the note was forged by such subscribing witness; nor, upon proof of the subscribing witness having left the State in order to avoid testifying, to prove his handwriting, for the purpose of such comparison.

ACTION OF CONTRACT by the indorsee of a promissory note against the maker. The answer denied the signature of the note, and alleged that it was forged.

At the trial in the court of common pleas, *Sanger*, J. ruled, against the defendant's objection, that the plaintiff, after making out a *prima facie* case by proving the execution of the note, might rest, and then, after the defendant had put in his case, call other testimony to the same point, and the defendant should then be allowed to call further testimony in reply; and this was the order of the trial.

After the plaintiff had introduced testimony tending to show that, at the time of the execution of the note, a mortgage was delivered to the plaintiff by the defendant, this mortgage, which purported to be signed by the defendant, and made to the payee of this note, was produced by the defendant on the request of plaintiff, and by the plaintiff read and shown to the jury without objection to the want of proof by the subscribing witness.

The defendant proved several genuine signatures of the defendant, and offered evidence of experts and of a person who had seen the defendant write, to prove that the note was forged by the subscribing witness to the mortgage, who was also the magistrate before whom it was acknowledged; and claimed the right, without proving the execution of the mortgage, to submit

the body of the mortgage, and the signatures of the defendant and of the subscribing witness, to experts and to the jury, for such comparison of hands. But the court ruled that there was no sufficient proof to make the comparison competent.

The defendant, in order to prove the mortgage for the purpose of such comparison, offered evidence tending to show that the subscribing witness was out of the State, and had left the State to avoid testifying at this trial, and that due diligence had been used to procure his attendance ; and offered to prove his handwriting on the mortgage by a witness who had seen him write, and who was well acquainted with his signature, but who did not see him write this signature. But the court ruled the proof incompetent for the purpose.

A verdict was rendered for the plaintiff, and the defendant alleged exceptions.

*A. R. Brown*, for the defendant.

*B. F. Butler*, for the plaintiff.

Dewey, J. The ruling of the court, as to the order of the trial and the time of introducing certain evidence, furnishes no ground for exceptions. *Cushing* v. *Billings*, 2 Cush. 158. *Morse* v. *Potter*, 4 Gray, 292.

The other question raised in the case is more doubtful, but we think the ruling upon it was correct. The mode of proving the genuineness of the paper in controversy, by comparison merely with other documents, has often been questioned elsewhere, though with us it is always allowed. But the paper, with which the comparison is to be made, must be unquestionably a genuine paper, and that must be shown beyond a doubt. *Commonwealth* v. *Eastman*, 1 Cush. 217.

The precise question seems to be, what was admitted by the plaintiff by reading to the jury the mortgage deed produced by the defendant. Certainly he did not thereby admit that the body of the deed was in the handwriting of any particular person ; and the body of the deed could not therefore be admitted to be used as a comparison of handwriting, which was embraced in the claim of the defendant. Nor did he admit the genuineness of the handwriting of the subscribing witness ; nor,

necessarily, that the signature to the deed was in the handwriting of the person whose name appeared as grantor therein; as it might be a valid and legally executed deed, though the name of the grantor was written by some other person, in his presence or by his direction. *Gardner* v. *Gardner*, 5 Cush. 483.

Looking at the object of the proposed introduction of this mortgage deed as a standard of comparison, namely, to show thereby that the note in suit had been forged by the subscribing witness, we are of opinion that the genuineness of the signatures to the deed, and more especially the fact, in whose handwriting the body of the deed and the various signatures were, was not sufficiently shown to authorize it to be used as a standard of comparison of handwriting, by which to judge of the genuineness of the note in suit.

Nor do we think that, for the purpose of using the mortgage deed as an instrument of comparison of hands, it was competent to prove the genuineness of the deed by showing the subscribing witness to be out of the State, and then introducing proof of his handwriting. Such testimony, although it might be perfectly competent upon the general question of the execution of the deed, so as to authorize it to be read to the jury, yet fails to be sufficient to prove conclusively the handwriting of anybody, so as to make it competent to be used as a comparison of hands.

*Exceptions overruled.*